898 F.2d 154
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul HOLMES, Nina Holmes, and Nina Drayton, Plaintiffs-Appellants,
v.
George L. ROOKER, Fate Thomas, and Charles Burson,
Defendants-Appellees.
 No. 89-5697.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1990.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and ROBERT HOLMES BELL, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants Paul Holmes, his spouse Nina Holmes, and Mariea Drayton (appellants) appeal the entry of summary judgment in favor of defendants-appellants George Rooker, Fate Thomas, and Charles Burson, the Attorney General for the State of Tennessee (appellees). Appellants commenced the underlying action to challenge the constitutionality of Tennessee's post-judgement garnishment statute, T.C.A. 26-2-401-26-2-410, as applied to Social Security Administration benefit payments deposited directly into a judgment debtor's bank account.
 
 
 2
 Appellants are recipients of both Supplemental Security Income and Social Security disability benefits. Appellants allege that their monthly subsistence is funded solely through their Social Security entitlement benefits, and that they have no other sources of income. Appellants further allege that all of their respective monthly benefit payments are deposited directly into their individual bank accounts by the SSA, and that the bank accounts at issue are used exclusively as repositories for appellants' SSA benefits. Thus, according to these allegations, the funds in the appellants' bank accounts were, pursuant to 42 U.S.C. Sec. 407(a), exempt from garnishment, attachment, or other legal processes commonly invoked in aid of execution.[1]
 
 
 3
 Appellants' banks were, on several occasions, served with writs of garnishment by two creditors who had obtained default judgments against appellants in state court. After negotiations with their respective judgment creditors, appellants recovered the erroneously garnished Social Security benefits. These garnishments were accomplished before June, 1988, and thus were governed by the predecessor to the currently operative post-judgment garnishment statute. It is not disputed that the old statute, now repealed, violated the due process clause of the fourteenth amendment to the Constitution, in that it did not afford ample post-deprivation procedures for determining the exempt status of a judgment debtor's deposited funds. It is also not disputed that the statute currently in effect, as enacted in June, 1988, affords a more comprehensive and expeditious scheme of post-deprivation notice and hearing procedures, and is not in violation of appellants' due process rights. See Finberg v. Sullivan, 634 F.2d 50 (3d Cir.1980) (en banc).
 
 
 4
 After enactment of Tennessee's new statute, appellants amended their complaint and continued to press their charge that Tennessee's new statute, as applied to exempt Social Security benefits on direct deposit in judgment debtors' bank accounts, violated the supremacy clause to the Constitution. Specifically, appellants contended before the district court that the new statute, which, in operation, permits the seizure of funds subject to a writ of garnishment for up to 35 days pending the resolution of proceedings to determine the availability of an exemption, conflicts with the congressional policy underlying the exemption provision, 42 U.S.C. Sec. 407(a).
 
 
 5
 The district court, ruling on appellee Tennessee Attorney General's motion to dismiss the amended complaint pursuant to Fed.R.Civ.P. 12(b)(6), sua sponte converted the motion to one for summary judgment under Fed.R.Civ.P. 56. The district court, without soliciting additional affidavits or other evidence from appellants in opposition to the motion, determined that "[t]he supremacy clause does not ... require this Court to impose on banks the burden of determining the nature and source of funds in their customers' accounts for purposes of garnishment." In support of this conclusion, the district court expressed doubt relative to the assertion that "banks immediately and easily [may] ... identify exempt funds placed in a judgment debtor's account by direct deposit."
 
 
 6
 Appellants argued in the instant appeal that the district court erred in not permitting them an opportunity to supplement their complaint with additional evidence that would support their allegation that the identification of exempt funds on direct deposit in a judgment debtor's bank account may be accomplished through application of a routine and uncomplicated procedure. In this vein, appellants charged that the district court ignored Fed.R.Civ.P. 12(b), which provides that when a motion for dismissal under Rule 12(b)(6) is treated as a motion for summary judgment under Rule 56, "all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56."[2]
 
 
 7
 Appellants were given no such opportunity in the case at bar, and their assignment of error is well taken. Without expressing any view as to the intrinsic merit of appellants' supremacy clause challenge, this court concludes that the procedures employed by a financial institution to identify the exempt or non-exempt status of moneys directly deposited into a judgment debtor's account constitute, within the context of this case, is an issue of fact "pertinent" to a motion for summary judgment arguably material to the outcome of appellants' claim.[3] Accordingly, the district court erred in not affording appellants an opportunity to develop evidence in support of their claim and in sua sponte concluding that financial institutions are incapable of making such determinations.
 
 
 8
 Accordingly, the district court's grant of summary judgment in favor of appellees is REVERSED and the case REMANDED to the district court for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 Section 407(a) of the Social Security Act provides, in relevant part, that no moneys received pursuant to the Act's various benefits programs "shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." 42 U.S.C. Sec. 407(a) (emphasis added)
 
 
 [2]
 Material is "pertinent" to a Rule 56 motion for summary judgment if it tends to either support or refute the existence of a "genuine issue of material fact." Fed.R.Civ.P. 56(c)
 
 
 [3]
 See Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986) (in ruling on a motion for summary judgment, "the substantive law will identify which facts are material")